UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VINCENT ROMERO,<br><br>　　　　　　　Petitioner,<br>v.<br>DANIEL PARAMO, et al.,<br>　　　　　　　Respondent. | Case No. 14cv1284-GPC (BLM)<br><br>**ORDER REQUIRING SUPPLEMENTAL EVIDENCE AND BRIEFING ON PETITIONER'S COMPETENCY** |

On May 20, 2014, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). On June 25, 2014, Petitioner filed a Motion for Appointment of Counsel. ECF No. 8. On July 1, 2014, Petitioner filed a Motion to Stay and Abey. ECF No. 11. In the motion, Petitioner alleges that he has suffered "from a severe cognitive disorder since the age of development" and has been diagnosed with bi-polar disease. Id. at 7. Petitioner further alleges that he is currently taking medication for his psychiatric condition and is "under the care of the mental health system of CDCR." Id. Petitioner states that he lacks basic reading comprehension skills and has had to seek out the help of others to navigate the instant matter. Id. at 8. In support, Petitioner attaches medical records from the Department of Corrections as exhibits to the motion to stay. ECF No. 11 at Exhs. A-B. In his reply to Respondent's response to the motion to stay, Petitioner states that he was recently prescribed "a much stronger 'psychotropic' medication than he was previously prescribed" due to his suicidal ideation. ECF No. 24 at 3. Petitioner argues that the

stronger medication further blunts his cognitive abilities. Id.

In <u>Allen v. Calderon</u>, 408 F.3d 1150, 1153-54 (9th Cir. 2005), the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." <u>Allen</u>, 408 F.3d at 1153. If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. <u>Id.</u> (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A")). In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. <u>Allen</u>, 408 F.3d at 1151-53.

Here, Petitioner has presented scores from his Adult Basic Education Scores dated May 21, 2014, however, no explanation is provided with the scores so the Court is unclear on how to interpret the numbers and what they say about Petitioner's cognitive abilities. ECF No. 11 at Exh. B. Petitioner also included a mental health placement chrono from January 2012, interdisciplinary progress notes from January 2012, March 2012, and August 2013, a psychiatric progress note from June 2013, and a psychiatric MD progress note from June 2012. <u>Id.</u> at Exh. A. However, Petitioner did not submit any evidence, information, or medical records supporting his argument that he **currently** is suffering from a mental illness that prevents him from understanding and responding to court orders. In addition, Petitioner did not submit any evidence, information, or medical records supporting his argument that there was good cause for his failure to exhaust his state claims because he was suffering from a mental illness that prevented him from understanding and responding to court orders at the time he should have been exhausting his claims.

At this point, it is unclear whether Petitioner can produce substantial evidence of past incompetence that rendered him unable to fully exhaust his claims or of **current** incompetence to warrant the Court conducting a competency hearing. Accordingly, the Court orders as follows:

(1) Petitioner shall file a pleading entitled "Supplemental Evidence In Support of Petitioner's Alleged Mental Incompetency" with accompanying declarations and exhibits no later than **November 3, 2014**.  In this filing, Petitioner must include all evidence, facts, and medical records supporting his claim that (1) he **currently** is suffering from a mental illness, (2) there was good cause for his failure to exhaust his claims because he was suffering from a mental illness at the time, and (3) the mental illness prevents or prevented him from being able to understand and respond to Court orders.  The additional information may include declarations signed under penalty of perjury by Petitioner, other inmates, and medical personnel having personal knowledge of Petitioner's incompetence, in addition to recent institutional medical and psychiatric records.

(2)  Respondent shall file a response to Petitioner's motion and supplemental evidence no later than **November 24, 2014**.  The response shall include the results of Respondent's independent investigation into Petitioner's competence, including relevant medical records, as well as legal argument.

**IT IS SO ORDERED**.

DATED: October 3, 2014

_____
BARBARA L. MAJOR
United States Magistrate Judge