1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | WILLIAM VINCENT ROMERO, | ) | Case No. 14cv1284-GPC (BLM) |
|----|--------------------------|---|------------------------------|

11  WILLIAM VINCENT ROMERO,            )   Case No. 14cv1284-GPC (BLM)

12                       Petitioner,   )   **ORDER WITHDRAWING FEBRUARY 27,**
                                        )   **2015 REPORT AND RECOMMENDATION**
    v.                                  )   **[ECF No. 38]**
13
    DANIEL PARAMO, et al.,              )
14                                      )   **AMENDED REPORT AND**
                       Respondent.      )   **RECOMMENDATION FOR ORDER (1)**
15                                      )   **DENYING PETITIONER'S MOTION FOR**
                                        )   **STAY AND ABEYANCE PURSUANT TO**
16                                      )   **_RHINES_ , (2) GRANTING A STAY**
                                        )   **PURSUANT TO _KELLY_ AND (3) DENYING**
17                                      )   **AS PREMATURE PETITIONER'S MOTION**
                                        )   **TO AMEND PETITION FOR WRIT OF**
18                                      )   **HABEAS CORPUS**
                                        )
19                                      )   **ORDER DENYING AS MOOT**
                                        )   **PETITIONER'S FIRST REQUEST FOR**
20                                      )   **EXTENSION OF TIME TO FILE**
                                        )   **OBJECTIONS TO THIS COURT'S**
21                                      )   **FEBRUARY 27, 2015 REPORT AND**
                                        )   **RECOMMENDATION AND SETTING NEW**
22                                      )   **OBJECTION DATES, AND**
                                        )
23                                      )   **ORDER  DENYING PETITIONER'S**
                                        )   **MOTION FOR APPOINTMENT OF**
24                                      )   **COUNSEL**
                                        )
25  _____       )   [ECF Nos. 8, 11, 13, and 40]

26

27

28

                                                            14CV1284-GPC(BLM)

1   In light of the new evidence submitted to the Court by Petitioner on March 12, 2015 [see
2   ECF No. 40 at 5-6], the Court hereby **WITHDRAWS** its February 27, 2015 Report and
3   Recommendation for Order Denying Petitioner's Motion to Stay Pursuant to Rhines and Kelly and
4   Denying Petitioner's Motion to Amend the Petition [ECF No. 38] and issues the instant Amended
5   Report and Recommendation.

6   **I.   AMENDED REPORT AND RECOMMENDATION FOR ORDER DENYING**
7   **PETITIONER'S MOTION TO STAY PURSUANT TO *RHINES* BUT GRANTING**
8   **A STAY PURSUANT TO *KELLY***

9   This Report and Recommendation is submitted to United States District Judge Gonzalo P.
10  Curiel pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States
11  District Court for the Southern District of California.  Currently before the Court is a motion to
12  stay and abey federal proceedings while Petitioner William Vincent Romero, a state prisoner
13  proceeding *pro se* and *in forma pauperis*, exhausts his claims in state court.  ECF No. 11.

14  On May 20, 2014[1], Petitioner filed a Petition for Writ of Habeas Corpus in federal court.
15  ECF No. 1 ("Pet.").  On June 14, 2014, Petitioner filed a Motion to Stay and Abey the federal
16  proceedings while he exhausts his new claims in state court.  ECF No. 11 ("Mot. Stay").  Pursuant
17  to the Court's briefing schedule [ECF No. 14], Respondent timely filed his opposition to
18  Petitioner's motion on July 28, 2014.  ECF No. 17-1 ("Oppo.").  Petitioner timely filed his reply
19  on August 4, 2014.  ECF No. 24 ("Reply").

20  On March 3, 2015, after the Court had issued its original Report and Recommendation,
21  Petitioner filed a request to extend time to object to the Court's Report and Recommendation.
22  ECF No. 40 ("Ext. Req.").  In the request, Petitioner explains that his habeas case in state court
23  is still proceeding, with an evidentiary hearing scheduled for March 20, 2015.  Id. at 3.  Petitioner
24  provides an order from Judge Elias of the Superior Court for the County of San Diego setting the
25  evidentiary hearing and summarizing the pending ineffective assistance of counsel claims.  Id.

26  _____

27      [1]Here, Petitioner signed the habeas petition on May 20, 2014.  Although it was not *filed* in the United States
28  District Court for the Southern District of California until May 23, 2014, the mailbox rules operates to make May 20,
    2014 the constructive date of filing.  See Lopez v. Felker, 536 F.Supp.2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date
    is date on which petition was signed).

14CV1284-GPC(BLM)

at 5-6.  This order was not provided to the Court by either party as part of the original lodgments and attachments to the original pleadings.  <u>See</u> Docket.

The Court has considered the above documents as well as the record as a whole.  Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance pursuant to <u>Rhines</u> be **DENIED**, but that a Stay and Abeyance pursuant to <u>Kelly</u> be **GRANTED**.

## A.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner began federal habeas proceedings on May 20, 2014 when he filed his Petition for Writ of Habeas Corpus.  Pet.  In his petition, Petitioner claims that his constitutional rights were violated because there was "insufficient evidence to support implied malice for second degree murder."  Pet. at 6.  Petitioner states that this claim was exhausted in the state court.  <u>Id.</u>  Respondent agrees.  Oppo. at 3 ("[t]his claim was appears [sic] to have been exhausted in the petition for review [Petitioner] filed in the state supreme court") (citing July 28, 2014 Lodgment 8[2]).

On June 14, 2014, Petitioner filed a motion to stay.  Mot. Stay.  In his motion to stay, Petitioner asks the Court to stay his case pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) "until the resolution of his state habeas corpus action is completed."  <u>Id.</u> at 5.  In support, Petitioner states that there is good cause for his failure to exhaust the additional claims that he seeks to bring because he has had difficulty obtaining his complete file from previous counsel and he suffers from cognitive disabilities and bi-polar disorder.  <u>Id.</u> at 7-8.  Respondent contends that Petitioner is not entitled to a stay pursuant to <u>Rhines</u> because he has not established good cause for his failure to exhaust his state court remedies, but that the Petitioner "may be entitled to a stay under *Kelly v. Small*."  Oppo. at 2.  Petitioner replies that there was good cause for his failure to exhaust since he suffers from mental illness and limited education and notes that he was recently prescribed a much stronger psychotropic medication because of his "suicidal

---

[2]Respondent submitted two sets of lodgments which use the same numbering system.  ECF Nos. 18 & 36. In order to create a clear record, the Court will refer to the lodgments filed on July 28, 2014 as "July 28, 2014 Lodgment __" and the lodgments filed on January 28, 2015 as "January 28, 2015 Lodgment __."

1    ideation" which has resulted in additional "cognitive blunting."  Reply at 2-3.

2         In light of Petitioner's allegation of incompetency and the attached medical records, on

3    October 3, 2014, the Court ordered Petitioner to file a pleading entitled "Supplemental Evidence

4    In Support of Petitioner's Alleged Mental Incompetency" that contained "all evidence, facts, and

5    medical records supporting his claim that (1) he **currently** is suffering from a mental illness, (2)

6    there was good cause for his failure to exhaust his claims because he was suffering from a

7    mental illness at the time, and (3) the mental illness prevents or prevented him from being able

8    to understand and respond to Court orders."  ECF No. 25 (emphasis in original).  Respondent

9    was ordered to file a response to the pleading that included "the results of Respondent's

10   independent investigation into Petitioner's competence, including relevant medical records, as

11   well as legal argument" so that the Court can determine whether or not there is a need for a

12   competency hearing.  Id. at 2-3.  Petitioner filed his supplemental evidence in support of his

13   alleged mental incompetency on October 26, 2014.  ECF No. 27.  After requesting two extensions

14   of time [ECF Nos. 28 and 33], Respondent filed his response to Petitioner's supplemental

15   evidence and lodged the relevant documents on January 28, 2015.  ECF No. 35.

16   **B.   LEGAL STANDARD**

17        A federal court may not consider a petition for habeas corpus unless the petitioner first

18   has presented his claims to the state courts, thereby "exhausting" them.   28 U.S.C.A.

19   § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982).  The exhaustion requirement is

20   founded on federal-state comity, as only when the state court has been presented with the claim

21   may it "pass upon and correct alleged violations of its prisoners' federal rights."  Duncan v.

22   Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted).  Thus, exhaustion

23   of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each

24   appropriate state court, including a state supreme court with powers of discretionary review.

25   Baldwin v. Reese, 541 U.S. 27, 29 (2004).  In California, this generally entails direct or collateral

26   presentation to both the lower courts of appeal and the state supreme court, though

27   presentation to the state supreme court alone may suffice.  Rieger v. Christensen, 789 F.2d

28   1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  However,

claims are not exhausted by mere presentation to the state appellate system.  A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29.  A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. Pappageorge v. Summer, 688 F.2d 1294, 1295 (9th Cir. 1982); Vasquez v. Hillery, 474 U.S. 254, 258 (1986) (a petitioner must "present [ ] the substance of his claim to the state courts").  The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each syllable of the federal claim. Delgado v. Lewis, 181 F.3d 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1133 (2000)).  Additionally, arguments presented to the federal court may be supplemented with evidence not provided to the state court, so long as the additional information does not "fundamentally alter" the claim. Vasquez, 474 U.S. at 260.

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines, 544 U.S. at 274-78 (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited.  28 U.S.C. § 2244(d).  Generally a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. Rose, 455 U.S. at 522.  If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 278.  Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481

F. 3d 1143 (9th Cir. 2007).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims.  Rhines, 544 U.S. at 276.  This stay and abeyance is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Id. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982  (9th Cir. 2014).

A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition."  King, 564 F.3d at 1135.  However, the petitioner only is allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition.  Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-664 (2005).  A new claim relates back to an existing claim if the two claims share a "common core of operative facts."  Mayle, 545 U.S. at 646.  A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence."  Id.  If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition.  Haskins v. Schriro, 2009 WL 3241836, *3 (D. Ariz. Sept. 30, 2009).  If amendment is futile, a stay is inappropriate.  Id. at *7.

## C.   A STAY PURSUANT TO RHINES

Petitioner argues that a stay is proper under Rhines.  Mot. Stay at 5-10.  In support, Petitioner argues first that there is good cause for his failure to exhaust his claims.  Id. at 7. Petitioner explains that he sent at least seven requests to his trial counsel for all of the files related to his case, but the requests have gone unanswered and as of September 2013,

Petitioner only had part of the record. <u>Id.</u>  In April 2014, Petitioner was appointed counsel for the limited purpose of assisting with the traverse to his state habeas petition. <u>Id.</u>  This counsel was able to view the records from Petitioner's trial counsel and Petitioner was "made aware of certain key facts, giving rise to the proposed" unexhausted claims for the first time. <u>Id.</u>  Petitioner also states that he "suffers from a severe cognitive disorder," has been diagnosed as bi-polar, and is currently under the care of a mental health provider and on related medication, all of which have contributed to his failure to exhaust his claims. <u>Id.</u> at 7-8.  Petitioner next argues that he satisfies the requirements for a <u>Rhines</u> stay because his claims are potentially meritorious. <u>Id.</u> at 8.  In support, Petitioner argues that the claims he seeks to exhaust in state court "are not plainly lacking merit" because his trial counsel's ineffectiveness resulted in the violation of Petitioner's right to testify. <u>Id.</u> at 9.  Finally, Petitioner argues that he has not engaged in dilatory litigation practices because he was "pro se when he filed his federal petition before the statute of limitations even expired, [and] lacking the mental proficiency needed to file a petition on his own." <u>Id.</u> at 10.  Petitioner also states he had no way of identifying the unexhausted claims any earlier because he has not received his case files from trial counsel. <u>Id.</u>

Respondent contends that Petitioner should not be granted a stay pursuant to <u>Rhines</u> because he "fails to show good cause or demonstrate diligence." Oppo. at 5.  Respondent notes that Petitioner has filed a petition for writ of habeas corpus in the California Superior Court and multiple motions in the instant matter "despite his alleged lack of education and comprehension skill" which indicates that he was able to properly exhaust his claims before filing his federal petition. <u>Id.</u>  Respondent states that Petitioner does qualify for a stay under <u>Kelly</u>[3], but that Petitioner's claim would still be subject to procedural default in state court which may "bar subsequent federal habeas review of the claim." <u>Id.</u> at 7.

In response, Petitioner reiterates that there is good cause for a stay under <u>Rhines</u> and

---

[3]In his response to Petitioner's supplemental evidence, Respondent notes that he no longer believes that a <u>Kelly</u> stay is appropriate as the statute of limitations has now expired and the unexhausted claims do not relate back to Petitioner's exhausted claim, which makes a stay under <u>Kelly</u> no longer viable. ECF No. 35 at 7.  Respondent did not update or correct his legal position in response to Petitioner's March 3, 2015, document which established that Petitioner's state habeas petition has not yet been resolved by the superior court and that, therefore, the AEDPA statute of limitations remains tolled and has not expired. <u>See</u> Docket.

1    notes that he was recently seen by the prison psychiatrist and given a much stronger

2    psychotropic medication which has lead to "even greater cognitive blunting."   Reply at 3.

3    Petitioner also argues that his unexhausted claims do share a "common core of operative facts

4    and are thereby not precluded from 'relating back' to his original claim."   Id.

5         Because Petitioner's Petition only contains one claim and the claim is exhausted[4], it is not

6    a mixed petition and Rhines is inapplicable.   See White v. Ryan, 2010 WL 1416054, *12 (D. Ariz.

7    March 16, 2010) ("because the Petition in this case contains claims that are either actually or

8    technically exhausted, it is not a mixed Petition and Rhines does not apply"); see also Haskins,

9    2009 WL 3241836 at *7 ("because this Court has already decided that Petitioner may not amend

10   his habeas petition, his petition is not mixed, and the Rhines analysis is inapplicable," and a Kelly

11   analysis must be used).   Accordingly, the Court **RECOMMENDS** that Petitioner's request for a

12   stay under Rhines be **DENIED** and will consider Petitioner's motion to stay as a request to utilize

13   the Kelly stay procedure.   See Knox v. Martel, 2010 WL 1267785, *2 (E.D. Cal. March 31, 2010)

14   (finding the Kelly standard appropriate where petitioner did not seek to stay a mixed petition,

15   but instead sought to hold his original exhausted claims in abeyance while exhausting new

16   claims); see also Haskins, 2009 WL 3241836 at *7 (same).

17   **D.   A STAY PURSUANT TO KELLY**

18        Under the Kelly procedure, a court may grant a stay unless the new and unexhausted

19   claims are untimely and, therefore, may not be added to the existing petition.   Haskins, 2009 WL

20   3241836 at *7.   To determine whether Petitioner's new claims are timely, the Court initially will

21   consider the AEDPA time limits.

22        The AEDPA imposes a one-year statute of limitations on federal petitions for writ of

23   habeas corpus filed by state prisoners.   28 U.S.C. § 2244(d).   The one-year limitations period

24   runs from the latest of:

25             (A)   the date on which the judgment became final by the conclusion of

26

27        [4]In his petition, Petitioner claims that there was "insufficient evidence to support implied malice for second
     degree murder" and that this claim was exhausted in state court. Pet. at 6. Respondent agrees. Oppo. at 3 ("[t]his

28   claim was appears [sic] to have been exhausted in the petition for review [Petitioner] filed in the state supreme
     court") (citing July 28, 2014 Lodgment 8).

14CV1284-GPC(BLM)

direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).  Here, the California Supreme Court denied Petitioner's petition for review on July 10, 2013.  July 28, 2014 Lodgment 9.  Petitioner did not file a petition for certiorari with the United States Supreme Court so the statute of limitations began to run ninety days later on October 8, 2013.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari).  Absent tolling, the limitations period expired one year later on October 8, 2014.  28 U.S.C. § 2244(d).  Petitioner filed a federal petition for writ of habeas corpus on May 20, 2014, so the exhausted claim asserted in the Petition is timely.  However, the filing of a federal habeas petition does not toll the statute of limitations.  See Duncan v. Walker, 533 U.S. 167, 181 (2001).  As a result, the new claims that Petitioner wants to exhaust are not timely under AEDPA and Petitioner may not add them to the FAP unless they are sufficiently tolled or "relate back" to the claim in the FAP.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).  "The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law". Evans v. Chavis, 546 U.S. 189, 191 (2006).  In most states a statute sets out the number of days for filing a timely notice of appeal.  Id. "California, however, has a special system governing appeals when prisoners seek relief on collateral review [and] [u]nder that system, the equivalent of a notice of appeal is timely if filed within a 'reasonable time.'"  Id. at 192 (quoting In re Harris,

5 Cal.4th 813, 828, n. 7 (1993)).  "The United States Supreme Court has held that California's reasonableness standard is commensurate with the limitations of other states, which are 30 or 45 days." Cross v. Sisto, 676 F.3d 1172, 1176-1179 (9th Cir. 2012) (citing Carey v. Saffold, 536 U.S. 214, 221 (2002)).  The statute of limitations is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).  Similarly, the limitations period is not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2).

In this case, the statute of limitations began to run on October 8, 2013.  It was tolled nineteen days later when Petitioner filed a habeas petition in the California Superior Court on September 19, 2013. See 28 U.S.C. § 2244(d)(2); see also Nino, 183 F.3d at 1006; July 28, 2014 Lodgment 10.  In the state habeas petition, Petitioner raised four grounds for relief:  (1) his right to Due Process was violated because the Information in his case was not filed within 15 days as required by Penal Code Section 739, (2) his trial counsel was ineffective for failing to investigate a potential defense and failing to object to the prosecution's opening and closing statements, (3) prosecutorial misconduct, and (4) the trial court abused its discretion by failing to grant a motion to reduce Petitioner's offense to manslaughter. Id. at 3A - 6A; see also July 28, 2014 Lodgment 11 at 1-2.  On December 5, 2013, the superior court issued an "Order Denying Petition for Writ of Habeas Corpus in Part; Order to Show Cause." July 28, 2014 Lodgment 11.  In that order, the court issued an Order to Show Cause Why the Petition for Writ of Habeas Corpus Should Not be Granted as to the issue of ineffective assistance of counsel with respect to Petitioner's trial counsel's failure to investigate, and denied the remaining three claims. Id. at 3-4.  The court appointed counsel to represent Petitioner. Ext. Req. at 6.  On December 9, 2014, the court issued an "Order for Hearing[;] Order to Produce." Id. at 5.  In that order, the court required government counsel to subpoena Petitioner's trial attorney to testify at an evidentiary hearing originally scheduled for February 2, 2015, but which was continued to March 20, 2015. Id. at 6.  The court found that it could not resolve Petitioner's ineffective assistance of counsel

claim without hearing testimony from Petitioner's trial attorney as to "whether she fully investigated Petitioner's claims" and arguments from counsel as to whether or not Petitioner has satisfied the second prong of <u>Strickland</u>. <u>Id.</u> Because the San Diego Superior Court has not yet completely decided the habeas petition filed in 2013, the AEDPA time period remains tolled. 28 U.S.C. § 2244(d)(2). Once the superior court issues a decision resolving the remaining ineffective assistance of counsel claim, the AEDPA time period will begin again and Petitioner will have 346 days remaining to fully exhaust his claims and to file a motion to amend his federal habeas petition. If Petitioner files a habeas petition in the California appellate and/or supreme courts in a timely manner, then additional time will be tolled under the AEDPA. <u>See</u> <u>Evans</u>, 546 U.S. at 191-92; <u>Cross</u>, 676 F.3d at 1176-79. Because many days remain in the AEDPA limitation period, Petitioner's potential claims currently are not untimely and Petitioner has the ability to file a timely motion to amend his current federal petition after his state claims are exhausted. Accordingly, a stay under <u>Kelly</u> is appropriate and the Court therefore **RECOMMENDS** that the district court **GRANT** Petitioner's request to hold his Petition in abeyance pursuant to <u>Kelly v. Small</u> pending state court exhaustion of his new claims. To comply with the <u>Kelly</u> procedure, the Court will stay and hold in abeyance Petitioner's fully exhausted petition while Petitioner continues to exhaust his claims. Petitioner will then be responsible for filing a timely motion to amend his federal habeas petition to add the newly-exhausted claims to the original petition. If he can not demonstrate that the new claims are fully exhausted and timely or relate back to the original exhausted claim, Petitioner will be unable to litigate the new claims in this Court.

## II.   AMENDED REPORT AND RECOMMENDATION FOR ORDER DENYING AS PREMATURE PETITIONER'S MOTION TO AMEND THE PETITION

On June 22, 2014, Petitioner filed a "motion for leave to amend federal petition upon returning to federal court after exhausting state habeas corpus remedies." ECF No. 13 ("Mot. Amend"). In this motion, Petitioner identifies two claims that he intends to add to the federal habeas petition once the claims are exhausted: 1) his trial counsel provided ineffective assistance when she failed to advise him of his constitutional right to testify on his own behalf, and 2) Petitioner is actually innocent of the crimes and his conviction constitutes a fundamental

1  miscarriage of justice.  Id. at 15-37.

2  **A.   LEGAL STANDARD**

3       Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its

4  pleading after the opposing party has served a responsive pleading "only with the opposing

5  party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Upon motion to the court,

6  "[t]he court should freely give leave when justice so requires."  Id.  "This policy is 'to be applied

7  with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.

8  2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

9       The decision of whether to grant leave to amend nevertheless remains within the

10  discretion of the district court, which may deny leave to amend due to "undue delay, bad faith

11  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

12  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

13  of the amendment, [and] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

14  In assessing these factors, the consideration of prejudice should carry the greatest weight.

15  Eminence Capital, 316 F.3d at 1052.

16  **B.   DISCUSSION**

17       Here, as set forth above, the Court is recommending that the current federal habeas

18  petition be stayed and held in abeyance while Petitioner exhausts his additional claims in the

19  state court system.  Once the new claims are fully exhausted, Petitioner will need to return to

20  federal court and file a motion to amend his federal petition to add the newly exhausted claims.

21  Because the new claims are not yet exhausted, Petitioner's motion is premature.  If the Court

22  were to grant Petitioner's motion to amend at this time, the resulting petition would contain both

23  exhausted and unexhausted claims and therefore be subject to dismissal.  Accordingly, the Court

24  **RECOMMENDS** that Petitioner's current motion to amend his petition be **DENIED** as

25  premature.  Petitioner may file a new motion to amend his petition once his claims are fully

26  exhausted.

27       While a motion to amend is not currently ripe for resolution, the Court reminds Petitioner

28  that he may only amend his petition to add claims that are fully exhausted and timely (or that

relate back to the timely claim filed in the initial petition).  In his state superior court habeas petition, Petitioner alleges that his trial counsel was ineffective for failing to investigate a possible defense. July 28, 2014 Lodgment 10 at 4A. Petitioner explains that on the date of the accident, he drove south from Fullerton, California, stopping to purchase food at a McDonald's about one hour before the accident and at an AM/PM Minimart to buy coffee about 15 minutes before the accident. Id. Petitioner asserts that he told his attorney about these stops and suggested that the cashier at the AM/PM store and/or security video tapes from the stores would support his defense as to his "state of mind." Id. Petitioner asserts that trial counsel failed to investigate this potential evidence and failed to present this defense at his trial. Id.

In his motion to amend his federal petition, Petitioner states that he intends to add two claims: ineffective assistance of counsel and actual innocence.  Mot. Amend at 15-37. Petitioner states that his ineffective assistance claim is premised on his trial counsel's failure to advise him of his Sixth Amendment right to testify on his own behalf at trial and her failure to allow him to testify as he wanted. Id. at 15-16. Petitioner explains that he told his attorney about his stops at McDonald's and the AM/PM store, that he had not been in any bar on the night of the accident, and that other testimony/evidence presented during pretrial hearings was inaccurate, and counsel told him he would have his opportunity to correct the misstatements and present testimony at trial. Id. at 16-19. Petitioner further states that he was surprised when his counsel rested without letting him testify, that his attorney told him he could not testify because he has a prior DUI conviction, that he disputed this statement and said he did not have a prior DUI conviction, and that counsel said she would not let him testify and that if he "persist[s] anymore with this, [he] will have to find [himself] another lawyer to represent [him]." Id. at 19-21. Petitioner argues that this refusal to let him testify constituted ineffective assistance of counsel and prevented him from presenting his defense. Id. at 21-32.

With respect to the actual innocence claim that Petitioner seeks to add, it is an open question whether a freestanding claim of actual innocence, as opposed to its use as a gateway to avoid a procedural default, is cognizable on federal habeas. See Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence

claim is cognizable in a federal habeas corpus proceedings in the non-capital context, although we have assumed that such a claim is viable."), citing McQuiggin v. Perkins, 569 U.S. ___, 133 S.Ct. 1924, 1931 (2013) (noting that it is, as yet, unresolved whether a freestanding actual innocence claim is cognizable on federal habeas) and Herrera v. Collins, 506 U.S. 390, 417 (1993) (acknowledging the possibility that a freestanding actual innocence claim would exist in the capital context). Petitioner bases his actual innocence claim on the fact that he did not have the state of mind required to support his conviction for second degree murder because he "did not feel the effects of the alcohol that was apparently still in [his] bloodstream seven and one half hours later after his last drink" and before driving a car. Mot. Amend at 35.

As set forth in more detail above, exhaustion requires Petitioner to "fairly present" his federal claims to the appropriate state courts, including the state supreme court, and the claims sought to be added to the federal petition must be the "substantial equivalent" of the claims previously presented to the state courts. See Baldwin, 541 U.S. at 29; Pappageorge, 688 F.2d at 1295. Here, it is premature for the Court to determine whether the claims sought to be added to the federal petition are fully exhausted by the state court proceedings, however, the Court notes that the description of the ineffective assistance of counsel claim currently being litigated in the superior court is different from both the ineffective assistance of counsel claim and actual innocence claim described in the motion to amend. Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013 ) (stating that "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion) (quoting Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005) and citing Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (holding that an ineffective assistance claim for failure to vigorously cross-examine a witness did not exhaust ineffective assistance claims directed to other independent omissions by counsel)).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) **DENYING** Petitioner's Motion for Stay and Abeyance pursuant to Rhines, (3) **GRANTING** a stay pursuant

1   to Kelly; and (4) **DENYING AS PREMATURE** Petitioner's Motion to Amend the Petition.

2         **IT IS ORDERED** that no later than **April 24, 2015**, any party to this action may file

3   written objections with the Court and serve a copy on all parties.  The document should be

4   captioned "Objections to Report and Recommendation."

5         **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

6   and served on all parties no later than **May 22, 2015**.  The parties are advised that failure to

7   file objections within the specified time may waive the right to raise those objections on appeal

8   of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

9   **III.   MOTION FOR EXTENSION OF TIME TO OBJECT TO FEBRUARY 27, 2015**

10         **REPORT AND RECOMMENDATION ECF No. 40**

11        On March 3, 2015, Petitioner filed a "First Request for Extension of Time to File Objection

12  to This Court's February 27, 2015 Order of Report and Recommendation."  ECF No. 40.

13  Petitioner seeks to continue his deadlines for filing objections from March 20, 2015 to April 20,

14  2015.  Id.  In light of the Amended Report and Recommendation and new objection deadlines,

15  Petitioner's motion is **DENIED AS MOOT**.  Petitioner shall have until **April 24, 2015** to file any

16  objections to this Court's Amended Report and Recommendation filed on March 26, 2015.

17  **IV.   MOTION FOR APPOINTMENT OF COUNSEL- ECF No. 8**

18        On June 25, 2014, Petitioner filed a motion for appointment of counsel.  ECF No. 8.  In

19  support of his motion, Petitioner states that he is indigent.  Id. at 1.  In his declaration

20  supporting the motion, Petitioner states that he is "wholly without funds" and receives "no funds

21  from an outside source [or his] prison job assignment."  Id. at 2.

22  **A.   LEGAL STANDARD**

23        The Sixth Amendment right to counsel does not extend to federal habeas corpus actions

24  by state prisoners.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d

25  453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment

26  of counsel in habeas proceedings): Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

27  However, courts may appoint counsel for financially eligible habeas petitioners seeking relief

28  pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so

1  require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.

2  1990) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney, 801 F.2d at 1196 ("[i]ndigent state prisoners

3  applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances

4  of a particular case indicate that appointed counsel is necessary to prevent due process

5  violations.").  Whether or not to appoint counsel is a matter left to the court's discretion, unless

6  an evidentiary hearing is necessary.  Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir.

7  1986) (explaining that the interests of justice require appointment of counsel when the court

8  conducts an evidentiary hearing on the petition.).

9       The court's discretion to appoint counsel may be exercised only under "exceptional

10  circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).[5]  "A finding of

11  exceptional circumstances requires an evaluation of both the likelihood of success on the merits

12  and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

13  legal issues involved.  Neither of these factors is dispositive and both must be viewed together

14  before reaching a decision."  Id. (citations and internal quotation marks omitted).

15  **B.    DISCUSSION**

16       Petitioner is not entitled to an attorney simply because he is unable to afford to hire his

17  own attorney.  Furthermore, after reviewing the evidence that Petitioner and Respondent

18  submitted in support of and against Petitioner's claims of incompetency due to bi-polar disorder,

19  poor cognitive skills, and powerful medication [ECF Nos. 27, 36], the Court finds that Petitioner

20  has failed to show that he is currently suffering from a mental illness that prevents him from

21  understanding and responding to court orders.  While the evidence shows that Petitioner has

22  suffered from depression, bi-polar disorder, and mood stability issues and been prescribed a

23  variety of different medications to help with these conditions, it does not show that Petitioner

24  is incompetent.  In fact, the submitted evidence shows that Petitioner understands what is

25  required to pursue his habeas case and that he has done so diligently.  See January 28, 2015

26  Lodgments at 3011 (October 15, 2013, Interdisciplinary Progress Note - General Psychiatry

27

28       [5] The Terrell court cited 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

stating that Petitioner "is very intelligent and is able to quote court cases and laws by their article numbers" and that he is "very familiar with the process he needs to go through in order to have a judge review his trial."  Also noting that Petitioner wants to be free of medication so that he can keep "his wits about him" while pursuing his legal case and filing paperwork); Id. at 303 (March 6, 2014 Interdisciplinary Progress Note - General Psychiatry stating that Petitioner refused further medication because his "legal case requires his full attention" and he "does not want to experience cognitive blunting"); Id. at 293 (April 4, 2014 Interdisciplinary Progress Note - General Psychiatry stating that Petitioner spoke at length about the legal writs he was working on and how he sometimes misses his education or medication because he is so busy with his court case and noting that his insight and judgment was fair and his thought content was focused on his case); Id. at 291 (April 14, 2014 Interdisciplinary Progress Note - General Psychiatry stating that Petitioner was stressed, but working on a deadline for a legal matter that he was pursuing and that he was so busy pursuing his legal matters that he sometimes missed the pill line to get his medication.  Also noting that Petitioner's insight and judgment were good and that his cognition, attention, concentration, and memory were "grossly intact."); Id. at 239-241 (August 6, 2014 Mental Health Treatment Plan stating that while Petitioner suffers from depression, anxiety, and ETOH Dependence, has been "sleepless with racing thoughts," and is taking Risperidone, his fund of information, intellectual functioning, concentration, and attention was within normal limits and "no impairment [was] noted in cognition."); Id. at 266-267 (October 27, 2014 Interdisciplinary Progress Note - General Psychiatry stating that Petitioner had a GAF score of 59 and from what was reported, "has the ability to mobilize his thinking to accomplish many of his objectives."  Also noting that despite cursing and a loud irritable tone, Petitioner was "articulate and organized in his thinking."); and Id. at 234 (Petitioner has an eleventh grade education).

///

///

///

///

1    Finally, the Court has reviewed the Petition for Writ of Habeas Corpus [ECF No. 1],

2    previous motion to appoint counsel [ECF No. 2], motion to proceed in forma pauperis [ECF No.

3    5], instant motion for appointment of counsel [ECF No. 8], motion to stay [ECF No. 11], motion

4    to amend the complaint [ECF No. 13], motion requesting a copy of the local rules [ECF No. 16],

5    reply to Respondent's opposition to the motion to stay [ECF No. 24], supplemental evidence in

6    support of Petitioner's alleged mental incompetency [ECF No. 25], objection to Respondent's

7    request for additional time in which to respond to Petitioner's supplemental evidence [ECF No.

8    31], a change of address notice [ECF No. 37], and a motion for extension of time to object to

9    the Report and Recommendation [ECF No. 40].  From this review, the Court finds that Petitioner

10   not only has a sufficient grasp of his individual claims for habeas relief and the legal issues

11   involved in those claims, but also that Petitioner is able to articulate those claims adequately

12   without legal assistance.  The fact that Petitioner may have sought assistance with these filings

13   does not change the analysis.[6]  See Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal.

14   Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has

15   adequately presented, albeit through another inmate, the salient factual allegations of this case

16   ...").  Under such circumstances, a district court does not abuse its discretion in denying a state

17   prisoner's request for appointment of counsel as it is simply not warranted by the interests of

18   justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial

19   of request for appointment of counsel where pleadings demonstrated petitioner had "a good

20   understanding of the issues and the ability to present forcefully and coherently his contentions").

21   Petitioner's request does not provide facts justifying the extraordinary remedy of appointment

22   of counsel.  Further, Petitioner does not demonstrate a likelihood of success on the merits such

23   that his case should be classified as an "exceptional circumstance[]."  Agyeman v. Corr. Corp.

24   of Am., 390 F.3d 1101, 1103 (9th Cir. 2004); see also Wilborn v. Escalderon, 789 F.2d 1328,

25   1331 (9th Cir. 1986).  Accordingly, the Court finds that the interests of justice do not require the

26   appointment of counsel and that on the record presented, this habeas proceeding does not

27

28   ――――――――――――――

[6]Petitioner alleges that a fellow inmate has assisted him in preparing most of the pleadings that Petitioner has filed "over the past year and-a-half."  ECF No. 27 (Supplemental Evidence in Support of Petitioner's Alleged Mental Incompetence).

14CV1284-GPC(BLM)

present "exceptional circumstances" justifying the appointment of legal counsel.   Therefore, Petitioner's request for appointment of counsel is **DENIED**.

   **IT IS SO ORDERED.**

DATED:  March 26, 2015

BARBARA L. MAJOR
United States Magistrate Judge