UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VINCENT ROMERO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　Respondent. | Case No. 14-cv-1284-GPC-BLM<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AMENDED REPORT AND RECOMMENDATION;**<br>**[ECF NO. 41]**<br><br>**(2) DENYING MOTION FOR STAY AND ABEYANCE PURSUANT TO RHINES;**<br>**[ECF NO. 11]**<br><br>**(3) GRANTING A STAY PURSUANT TO KELLY;**<br><br>**(4) DENYING MOTION TO AMEND PETITION**<br>**[ECF NO. 13]** |

**I. BACKGROUND**

On May 20, 2014, Petitioner William Vincent Romero ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed his Petition for Writ of Habeas Corpus ("Petition") in federal court. (ECF No. 1.) In his Petition, Petitioner challenges his second degree murder conviction, claiming there was "insufficient evidence to support implied malice." (Id. at 6.) Both Petitioner and Respondent Daniel Paramo ("Respondent"), agree that this claim has been exhausted in state courts. (Id.); (ECF No. 17, at 3.)

On June 27, 2014, Petitioner moved to stay his petition pursuant to Rhines v.

Weber, 544 U.S. 269 (2005), while he exhausts two additional claims in state court. (ECF No. 11, at 5.) Petitioner identifies those additional claims in his June 27, 2014 Motion to Amend: (1) ineffective assistance of trial counsel, and (2) actual innocence. (ECF No. 13, at 15, 32.) Respondent opposes a stay pursuant to Rhines, claiming that Petitioner has not established good cause for his failure to exhaust state court remedies. (ECF No. 17, at 2.) However, in his July 28, 2014, response to Petitioner's Motion to Stay, Respondent suggests that Petitioner may be entitled to a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (Id.)

There are two primary issues before the Court: (1) whether Petitioner should be granted leave to amend his petition and add new claims, (ECF No. 13), and (2) whether this action should be stayed while Petitioner exhausts certain claims in state court, (ECF No. 11). Kelly and Rhines generally apply to "mixed" petitions, i.e. petitions that contain both exhausted and unexhausted claims. Kelly permits petitioners to delete unexhausted claims from their federal habeas petition so that it is no longer "mixed," stay the federal action, exhaust those claims in state court while the federal action is stayed, and then add those claims back to the federal habeas petition after they have been exhausted in state court. 315 F.3d at 1070-71. Rhines functions similarly to Kelly except that petitioners are not required to delete their unexhausted claims and may stay a "mixed" petition. However, the standard that a petitioner must meet to obtain a stay under Rhines differs from the standard that a petitioner must meet to obtain a stay under Kelly. Compare 544 U.S. at 279 with 315 F.3d at 1070.

On February 27, 2015, Magistrate Judge Major issued an initial Report and Recommendation ("Initial Report") recommending the denial of Petitioner's Motion to Stay pursuant to both Rhines and Kelly, and the denial of Petitioner's Motion to Amend. (ECF No. 38.) On March 12, 2015, Petitioner submitted new evidence showing that Petitioner is currently litigating a claim of ineffective assistance of trial counsel in the San Diego Superior Court. (ECF No. 40.)

In light of this new evidence, Judge Major withdrew the Initial Report, and on

March 26, 2015, issued an Amended Report and Recommendation ("Amended Report") advising this Court to: (1) deny Petitioner's Motion to Stay pursuant to Rhines, (2) grant Petitioner a stay pursuant to Kelly, and (3) deny as premature Petitioner's June 22, 2014 Motion to Amend. (ECF No. 41.)

## II. ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district judge's duties regarding a magistrate judge's report and recommendation. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When parties do not object to a magistrate judge's findings of fact, the Court may adopt the findings in their entirety. Campbell v. U.S. Dist. Ct., 501 F.2d 196, 206 (9th Cir. 1974). However, "conclusions of law must [ ] be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

To date, there have been no objections to Judge Major's Amended Report. After careful review of the Amended Report and the papers submitted by the parties, the Court reaches the same conclusions as Judge Major.

**A.  Statute of Limitations Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")**

The one-year statute of limitations under the AEDPA is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The time that a state habeas corpus petition, as an application for state post conviction review, is "pending" includes the time between "(1) a lower court's determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006). However, the AEDPA's limitations period is not tolled during the period between the state's final decision on a habeas petition and the start of federal habeas proceedings. See 28 U.S.C. § 2244(d)(2).

1  Moreover, the AEDPA's one-year limitations period applies to each claim on an
2  individual basis, and not to the petition as a whole. Mardesich v. Cate, 668 F.3d 1164,
3  1171 (9th Cir. 2012). For this reason, any claim, which on its own is untimely under
4  the AEDPA, will be not be allowed in federal court. Id.

5  In her Amended Report, Judge Major states that Petitioner's one- year limitations
6  period under the AEDPA began to run on October 8, 2013, but that the period was
7  previously tolled on September 19, 2013, when Petitioner filed his state habeas
8  petition. (ECF No. 41, at 10.) Judge Major further asserts that "[o]nce the superior
9  court issues a decision resolving the remaining ineffective assistance of counsel claim,
10 the AEDPA time period will begin again and Petitioner will have 346 days remaining
11 to fully exhaust his *claims*." (Id. at 11) (emphasis added). Based on this, Judge Major
12 first recommends denying Petitioner a stay pursuant to Rhines "because Petitioner's
13 Petition only contains one claim and the claim is exhausted." (Id. at 8.) After
14 explaining that Petitioner's "potential claims currently are not untimely," Judge Major
15 then recommends that the Court grant Petitioner a stay under Kelly. (Id. at 11.)
16 Finally, Judge Major recommends that the Court deny Petitioner's Motion to Amend
17 as premature. (Id. at 12.)[1]

18 As an initial matter, the Court rejects the Amended Report's specific calculation
19 of 346 days. The Amended Report correctly notes that tolling started on September 19,
20 2013, when Petitioner filed his state habeas petition, and that the AEDPA limitations
21 period would have started on October 8, 2013, when Petitioner's time to appeal
22 expired. However, the Amended Correct erroneously calculates that September 19,
23 2013, occured 19 days *after* October 8, 2013, rather than 19 days *before* October 8,
24 2013. Thus, as the tolling period started prior to the expiration of Petioner's time to
25 appeal, the correct calculation is the full year available under the AEDPA.

26 Additionally, although the Court has been presented evidence of Petitioner's

---

[1] The Court notes that Judge Major does not explain her reasoning for addressing the issues in this particular sequence. The sequence is important because if the Court were to first consider and grant Petitioner's Motion to Amend, a stay under Rhines may be warranted. Thus, as discussed below, the Court considers whether Petitioner meets the Rhines requirements.

efforts at exhausting a claim of ineffective assistance of trial counsel,[2] (ECF No. 18-13, at 2-3), Petitioner has not submitted any evidence showing his attempts to exhaust any other claim. Thus, the Court concludes that the correct calculation applies only to the claim of ineffective assistance of counsel currently before state court, but not to other claims that Petitioner may wish to exhaust, namely, Petitioner's proposed claim of actual innocence. Since it is unknown whether Petitioner is currently in the process of exhausting state remedies for his proposed claim of actual innocence, the Court must consider the possibility that Petitioner is not currently exhausting that claim, and that denying Petitioner's Motion to Amend could place that claim outside the AEDPA's limitations period. If this were true, a stay and abeyance under Kelly, which would require Petitioner to remove any unexhausted claims from his federal petition before returning to state court, could make Petitioner forfeit his proposed claim of actual innocence as untimely.

Conversely, a stay pursuant to Rhines could protect Petitioner from losing this claim, provided state procedural rules would allow him to exhaust the claim in state court. The Court agrees that the Petition is currently not "mixed" and is thus ineligible for a stay under Rhines. However, were the Court to grant Petitioner's Motion to Amend,[3] the Petition would become mixed. Thus, before going down the potentially less protective path, the Court examines whether Petitioner meets the remaining Rhines requirements.

**B.    Stay Pursuant to Rhines**

Generally, district courts must dismiss federal habeas corpus petitions containing any unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). Under

---

[2] As discussed below and noted in the Amended Report, it is unclear whether the IAC claim before the state court is the same as the IAC claim presented in the Motion to Amend.

[3] Petitioner actually moved to amend his Petition "upon returning to federal court after exhausting state habeas corpus remedies." (ECF No. 13, at 1.) Nevertheless, the Court will treat the motion as an application for immediate amendment since pro se pleadings are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Rhines, a district court may stay a "mixed" petition, that is, a petition containing both exhausted and unexhausted claims, while the petitioner seeks state remedies for the unexhausted claims. Rhines, 544 U.S. at 276. However, a petitioner requesting a stay and abeyance under Rhines must show: (1) there was good cause for failing to exhaust; (2) the unexhausted claims are likely to be valid; and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

### i. Petitioner has failed to show good cause for failure to exhaust.

The Rhines court did not describe how a petitioner could show "good cause" for failing to exhaust state court remedies. Rhines, 544 U.S. at 279. However, the concurrence explained that the Supreme Court had "not intended to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner." Id. (Stevens, J., concurring) (quoting Lundy, 455 U.S. at 520). A majority of the Supreme Court echoed that explanation in dicta, when it noted that a pro se petitioner's "reasonable confusion" about the legal process could constitute good cause. Pace v. DiGugliemo, 544 U.S. 408, 416 (2005). Recently, the Supreme Court held that petitioners may also establish good cause for failure to exhaust by showing that something "impeded or obstructed" their compliance with established procedures. Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012). The Ninth Circuit has explained that a petitioner can show good cause by presenting "a reasonable excuse, supported by sufficient evidence." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In the present case, Petitioner provides two reasons for failing to exhaust his proposed claims before bringing them to federal court. First, Petitioner alleges that his proposed claims are "newly-discovered . . . [and] not fully-developed for lack of the trial attorneys [sic] case file." (ECF No. 13, at 8.) In support of this allegation, Petitioner presents the Court with copies of correspondence that show several of his requests to access his trial attorney's files. (Id., Ex. 1.) Respondent has neither challenged this allegation nor provided any evidence showing that Petitioner has been able to access his files. However, Respondent notes that, when considering the

timeliness of a claim, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (ECF No. 35, at 10 (citing Hasan v. Galaza, 254 F.3d 1150, 1154, n.3 (9th Cir. 2001) (citation omitted)).) Respondent then asserts that Petitioner "knew the circumstances of his crime when he committed it, and he knew of his trial counsel's actions and inactions at the time of trial." (Id.)

Second, Petitioner claims that his mental illness and cognitive impairments have contributed to his failure to exhaust his claims in state court. (ECF No. 13, at 8.) To support this assertion, Petitioner has provided the Court with a mental health evaluation that reports Petitioner: (1) suffers from bipolar disorder, (2) has a history of hospitalizations for his mental illness, and (3) has a history of traumatic brain injury. (ECF No. 11, Ex. A.) In response, Respondent challenges the severity of Petitioner's mental incapacity by drawing attention to Petitioner's ability to file a state habeas petition (ECF No. 17, at 5.) Respondent also cites to several reports that suggest that Petitioner is competent. (ECF No. 35, at 5.) In particular, Respondent points to a recent report that states that Petitioner "is not currently [gravely disabled because] of mental illness." (ECF No. 35, at 7 (emphasis omitted) (citing ECF No. 18-3, at 100).)

Based on the evidence submitted, the Court finds that Petitioner has not shown good cause for failing to exhaust. First, Petitioner has failed to show that his lack of access to his trial attorney's record prevented his discovery of the factual predicate for his proposed claims. Petitioner bases both of his proposed claims on his inability to testify on his own behalf, a fact that Petitioner has been aware of since his trial. (ECF No. 13, at 4:24-26, 6:25-7:5.) Since the AEDPA's limitations period was not tolled by Petitioner's ignorance of the legal significance of the facts available to him, Hasan, 254 F.3d at 1154, n.3, it is irrelevant that Petitioner has recently "discovered that he had a fundamental constitutional right to testify." (Id. at 4.) Second, the Court considers Petitioner's ability to timely file his state habeas petition, which includes a claim of ineffective assistance of counsel, to be indicative of Petitioner's capacity to

1  comply with established procedures. As Petitioner has been able to represent himself
2  thus far, and the evidence suggests that he was aware of the facts necessary to
3  formulate his proposed claims, the Court is unable to conclude that Petitioner had the
4  "reasonable confusion" referred to in Pace.

5  Because Petitioner has failed to show good cause, the Court agrees with Judge
6  Major's conclusion that Petitioner is ineligible for a stay pursuant to Rhines. The Court
7  also agrees with Judge Major's conclusion that Petitioner's Motion to Amend is
8  premature. Even if the Court were to allow Petitioner to add the two unexhausted
9  claims contained in the Motion to Amend, a stay under Kelly would force Petitioner
10 to delete those claims. As is explained below, the Court grants Petitioner a stay
11 pursuant to Kelly. Thus, amendment at this stage would be futile.

**C.   Stay Pursuant to Kelly**

Under Kelly, a district court may allow a petitioner to: (1) delete unexhausted claims from a mixed petition; (2) seek state court remedies for the unexhausted claims while the district court stays the fully exhausted petition; and (3) add newly exhausted claims back onto the federal petition once state courts have had a chance to rule on them. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A court granting a stay under Kelly should only allow a petitioner to add claims back to a federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the stayed petition. Id. at 1140-41. An unexhausted claim will relate back to an exhausted claim already on the stayed petition if the two claims share a "common core of operative facts." Id. at 1141 (citing Mayle v. Felix, 545 U.S. 644, 646 (2005)). A court granting a stay under Kelly may limit a petitioner's window of time to present a fully exhausted petition to a reasonable time period following final judgment in state courts. Kelly, 315 F.3d at 1071.

In the present case, the Court finds that Petitioner qualifies for a stay pursuant to Kelly. As the Petition currently contains only a single exhausted claim, Petitioner will not need to delete any claims before proceeding. Petitioner will be able to

continue litigating the claim of ineffective assistance of trial counsel that he currently has in state court, and will be able to move to add that claim to his Petition once that claim is exhausted.  Petitioner may also move to add to his Petition any other timely exhausted claims or any untimely exhausted claims that "relate back" to the exhausted claims in his Petition.  If Petitioner is unable to show that the statute of limitations under the AEDPA has been sufficiently tolled as to his proposed federal claims of ineffective assistance of trial counsel and actual innocence, then Petitioner may have lost the ability to bring those claims to federal court unless he is able to show: (1) he has exhausted those claims in state court, and (2) the claims "relate back" to his fully exhausted Petition.

The Court reiterates Judge Major's concern regarding an apparent discrepancy between Petitioner's state and federal claims of ineffective assistance of trial counsel. In his state claim of ineffective assistance of counsel, Petitioner asserts that his trial attorney "failed to investigate and . . . to obtain evidence and interview witnesses." (ECF No. 18-13, at 2-3.)  However, Petitioner's proposed federal claim of ineffective assistance of counsel states that Petitioner's trial attorney failed to: (1) inform Petitioner of his constitutional right to testify on his own behalf, and (2) allow Petitioner to testify during trial. (ECF No. 13, at 15-16.)  Petitioner is reminded that, generally, any claims that he may wish to litigate in federal court must be the "substantial equivalent" of those he exhausts in state courts.  Pappageorge v. Summer, 688 F.2d 1294, 1295 (9th Cir. 1982).  At least one court has found it proper to consider multiple allegations of errors as a "single, multifaceted claim of ineffective assistance of counsel" as long as such allegations are sufficiently related.  Johnson v. United States, 860 F. Supp. 2d 663, 765 (N.D. Iowa 2012).  Yet, the Ninth Circuit has indicated that "[a]s a general matter, each unrelated alleged instance of counsel's ineffectiveness is a separate claim for purposes of exhaustion." Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013) (internal quotation marks and citations omitted).  It thus remains unclear whether Petitioner will be able to add to his Petition the proposed

claim of ineffective assistance of counsel currently contained in his Motion to Amend without first exhausting an identical claim in state court.

### III. CONCLUSION

The Court concludes that: (1) a stay pursuant to <u>Rhines</u> is inappropriate because Petitioner has failed to show good cause for failing to exhaust his proposed claims before bringing them to federal court; (2) a stay pursuant to <u>Kelly</u> is appropriate because Petitioner will be able to move to amend his Petition and add any timely exhausted claims or any untimely exhausted claims that "relate back" to his fully exhausted Petition; and (3) Petitioner's Motion to Amend is premature because the stay pursuant to <u>Kelly</u> would force him to delete the unexhausted claims that he currently seeks to add to his Petition.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Amended Report, (ECF No. 41), is **ADOPTED IN PART**;
2. Petitioner's Motion for Stay and Abeyance Pursuant to <u>Rhines</u>, (ECF No. 11), is **DENIED**;
3. Petitioner is **GRANTED** a stay pursuant to <u>Kelly</u>;
4. Petitioner shall move to amend his Petition within **thirty (30) days** of the state court's resolution of his state habeas petition; and
4. Petitioner's Motion to Amend Petition, (ECF No. 13), is **DENIED** as premature.

DATED: August 5, 2015

HON. GONZALO P. CURIEL
United States District Judge