UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM VINCENT ROMERO, | Case No.: 14cv1284-GPC(BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING PETITIONER'S REQUEST AS PREMATURE** |
| v. | |
| DANIEL PARAMO, | **ECF No. 47** |
| Defendant. | |

On August 5, 2015, the Court issued an Order denying Petitioner's Motion for Stay and Abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), granting Petitioner's Motion to Stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), denying Petitioner's Motion to Amend Petition as premature, and ordering Petitioner to "move to amend his Petition within **thirty (30) days** of the state court's resolution of his state habeas petition." ECF No. 45 (emphasis in original).

On August 12, 2015, Petitioner filed a status update with the Court which was accepted on discrepancy on August 24, 2015. See ECF Nos. 46-47. In the status update, Petitioner provides the Court with an explanation of the progress of his state court habeas cases and efforts to exhaust his federal claims. ECF No. 47. In addition, Petitioner requests additional time to file his new claims once they are exhausted. Id. at 3. In support, Petitioner states that the additional time is necessary because he has not been able to fully exhaust his claims in the California Supreme Court since he is waiting for a decision from the Court of Appeal, Fourth Appellate District. Id. at 4. In further support, Petitioner argues that he will be transferred from the county jail to a "Reception Facility up North and to a [sic] eventual transfer back to RJ Donovan," and that it will take additional time for his property – which he needs in order to file his amended federal petition - to be sent to him once the transfers begin. Id.

Petitioner's motion is **DENIED AS PREMATURE**. As of now there is not a date specific deadline set for Petitioner to file his amended federal petition. According to the Court's August 5, 2015 order, Petitioner has thirty (30) days after his state court claims are resolved to file an amended federal petition. See ECF No. 45 at 10. Therefore, the fact that Petitioner is awaiting a decision from the Court of Appeal, Fourth Appellate District does not mean that Petitioner is running out of time to file his amended federal petition. On the contrary, Petitioner's thirty-day time period will not begin to run until the state court has resolved his state habeas petition. In addition, thirty-days after the resolution of Petitioner's state court claims is a reasonable amount of time in which to file his amended federal petition. Finally, Petitioner's claims about transferring facilities and being separated from his legal property, and therefore unable to meet the Court's deadline, are speculative at this point in time. We do not know when Petitioner will be transferred and whether Petitioner will be separated from his materials at the time the state

court resolves Petitioner's state habeas petition.  If, however, Petitioner's state court claims are exhausted and he finds himself separated from his legal property and unable to meet the Court's thirty-day deadline, Petitioner may file a new motion to continue the deadline at that time.

**IT IS SO ORDERED**.

Dated:  9/2/2015

Hon. Barbara L. Major
United States Magistrate Judge