UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VINCENT ROMERO,<br><br>                              Plaintiff,<br><br>v.<br><br>DANIEL PARAMO,<br><br>                            Defendant. | Case No.: 3:14-CV-1284-GPC-BLM<br><br>**AMENDED ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDED PETITION**<br><br>[Dkt. No. 55] |

## INTRODUCTION

Petitioner William Vincent Romero, proceeding *pro se*, filed a motion for leave to file an Amended Petition for Writ of Habeas Corpus. In it, he asks the Court to add five newly-exhausted claims to his original petition which contained a single habeas claim. Based on the reasoning below, the Court **GRANTS** the motion for leave to file an amended petition.

## PROCEDURAL BACKGROUND

On May 20, 2014, Petitioner William Vincent Romero ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed his Petition for Writ of Habeas Corpus ("Petition") in federal court. Dkt. No. 1. The original Petition challenges Petitioner's second degree murder conviction as being based upon "insufficient evidence to support implied malice."

1

*Id.* at 6. There has never been any dispute that this original habeas claim was exhausted in state courts. *See* Dkt. No. 45 at 1.

On June 14, 2014, Petitioner filed a motion to stay and abey the federal proceedings while Petitioner exhausted new claims in state court. Dkt. No. 14. While that motion was still pending before the district court, but after U.S. Magistrate Judge Barbara Major issued a Report and Recommendation denying Petitioner's request for stay, Petitioner filed a request for an extension of time to object to the Report and Recommendation. Dkt. No. 40. In the request, Petitioner explained that he was currently litigating his habeas case in state court and that he had an evidentiary hearing scheduled in the near future. *Id.* at 3. Upon consideration of the new information provided by Petitioner, the Magistrate Judge altered her Report and Recommendation and concluded that Petitioner's request for stay should be granted under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

On August 5, 2015, this Court stayed Petitioner's case pursuant to *Kelly v. Small*. Dkt. No. 45. A stay under *Kelly* requires a Petitioner to comply with a three-step procedure. Under *Kelly*, a district court may allow a petitioner to: (1) delete unexhausted claims from a mixed habeas petition — that is a habeas petition with exhausted and unexhausted claims; (2) seek state court remedies for the unexhausted claims while the district court stays the fully exhausted petition; and (3) add newly exhausted claims back onto the federal petition once state courts have had a chance to rule on them. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). In the August 5, 2015 order, the Court indicated that Petitioner could continue to litigate his claims pending in state court and that he could move to amend the claims after he exhausted them. The Court warned Petitioner, however, that any amended claim must "relate back" to the exhausted claims in the original habeas petition. *Id.* at 1140-41.

On Feburary 2, 2017, this Court issued an order to show because why Petitioner's case should not be dismissed for failure to amend. Dkt. No. 53. In it, the Court observed that publicly available information indicated that the California Supreme Court had

denied Petitioner a habeas petition on February 18, 2016 and on August 10, 2016. *Id.* Accordingly, and since Petitioner had yet to file an amended petition, the Court ordered Petitioner to show cause, by March 2, 2017, why he had yet to amend his habeas petition. *Id.*

On March 9, 2017, *nunc pro tunc* March 3, 2017, Petitioner filed a motion to amend his habeas petition. Dkt. No. 55. In it, he moved to add five grounds to his original exhausted habeas petition. Specifically, he moved to amend the following claims: (a) Ineffective assistance of counsel, "failure to investigate"; (b) Procedural error, "speedy trial rights"; (c) Structural error, "due process rights"; (d) Ineffective assistance of counsel, "right to testify" and "failure to inform"; and (e) actual innocence. *Id.* at 17.

Respondent filed an opposition on April 12, 2017. Respondent argues that the Court should not grant Petitioner leave to amend because his five new claims do not relate back under AEDPA or, in the alternative, that they are procedurally barred. *Id.* Petitioner filed a reply on May 1, 2017. Dkt. No. 60.

## **LEGAL STANDARD**

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15, courts should give leave to amend freely "when justice so requires." When ruling on a motion to amend, the Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying purpose of rule 15," that is, "to facilitate decisions on the merits, rather than on the pleadings." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (internal quotation omitted). However, a court may deny a motion to amend if it is made in bad faith, there was undue delay, prejudice would result to the opposing party, amendment would be futile, or amendment would delay the proceeding. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nunes*, 375 F.3d at 808. Futility alone is a sufficient basis for denying a motion to amend. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Absent prejudice, or a strong showing of any of the remaining

3

3:14-CV-1284-GPC-BLM

*Foman* factors[,]" however, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original).

## **DISCUSSION**

Respondent argues that amendment is inappropriate because Petitioner's amended claims are futile. Dkt. No. 58. Specifically, Respondent argues that amendment would be futile because Petitioner's amended claims do not relate back to the original exhausted claim and because, timeliness notwithstanding, the five new claims are procedurally barred under California law.

A habeas petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 646 (2005). "[A] new claim," however "does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" *King*, 564 F.3d at 114. Stated differently, a claim does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Hebner v. McGrath*, 543 F.3d 1133, 1138 (9th Cir. 2008).

Respondent contends in conclusory fashion that "Romero's proposed new claims of alleged ineffective assistance of counsel, speedy trial violation, delay of filing of the information, and actual innocence do not share a 'common core of operative facts' with the sufficiency-of-the-evidence claim set forth in the original pleading." Dkt. No. 58 at 12. Accordingly, Respondent avers, "the new claims differ in both time and type from the previously advanced timely claim." *Id.* Petitioner, in turn, rebuts this by arguing, in his reply brief, that the amended claims assert constitutional violations that arise out of the same facts underlying the "sufficiency-of-the-evidence" claim. *See* Dkt. No. 60 at 8.

Given that Respondent bears the burden of demonstrating futility under Fed. R. Civ. P. 15(a), *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), and the Ninth Circuit's recognition that pro se-plaintiff claims should be dismissed "only where it appears beyond a doubt that the plaintiff can prove not set of facts in support of

his claim which would entitled him to relief," *see Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), the Court concludes that Respondent has failed to demonstrate that Petitioner's putative amended claims do not relate back to the original claims. The bare assertion that Petitioner's additional claims do not share a "common core of operative facts" is not enough to show futility under the liberal Fed. R. Civ. P 15(a) standard or udner the relation-back doctrine. Accordingly, the Court rejects without prejudice Respondent's argument that these claims do not relate back. To the extent Respondent wishes to challenge the "common core of operative facts" in a future filing, Respondent must explain why the facts underlying each of the newly added claims differ in "time and type" from the facts underlying Petitioner's "sufficiency of the evidence" claim.

As to Respondent's second argument — that is, that Petitioner's putative amended claims are futile because they are procedurally barred — the Court finds it premature to resolve this issue at this time. In the Court's August 5, 2015 order staying the case pursuant to *Kelly v. Small*, the Court stated that Petitioner could amend his stayed habeas petition if the claims he sought to amend "relate back" to the original claim. Petitioner has since followed the procedure outlined by the Court pursuant to *Kelly v. Small*. He exhausted his state court remedies and has since sought to amend those exhausted claims to his stayed petition. As such, and in light of the fact that Respondent has failed to effectively argue that Petitioner's amended claims do not "relate back" to the original claim, the Court concludes that the interests of justice are best served by allowing Petitioner to amend his newly exhausted claims. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (recognizing that district courts may, in certain cases, exercise discretion to decide whether justice is better served by dismissing the case on procedural grounds or by reaching the merits of the petition). Respondent is free to reassert the argument that Petitioner's claims are procedurally barred in briefing dedicated to that issue. *See Velasco v. SEI Pharms, Inc.*, 2013 U.S. Dist. LEXIS 10505, at *4-5 (S.D. Cal. Jan. 25, 2013) (deferring consideration of respondent's argument that the amended habeas claims were "futile" until after the amended pleading is filed). Once such a motion has been

filed and briefing submitted, the Court will be in a position to fully evaluate the parties' positions. *See Day*, 547 U.S. at 210 ("a court must accord the parties fair notice and an opportunity to present their positions" before "acting on its own initiative" as to timeliness).

## CONCLUSION

Petitioner's motion to amend his habeas petition pursuant to the Court's August 15, 2015 Order granting a stay pursuant to *Kelly v. Small* is **GRANTED**. The motion is granted without prejudice as to any argument that the amended claims are barred on timeliness or other procedural grounds. **Petitioner may file an amended habeas petition no later than October 13, 2017.**

**IT IS SO ORDERED.**

Dated: September 13, 2017

Hon. Gonzalo P. Curiel
United States District Judge